UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PATRICIA BAEZ,

                    Plaintiff,

        -v-

KENNEDY CHILD STUDY CENTER,

                    Defendant.
------------------------------------------------------------------------X

11 Civ. 7635 (JMF)

MEMORANDUM
OPINION AND ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/27/2013

JESSE M. FURMAN, United States District Judge:

      On October 25, 2011, Plaintiff, who is proceeding *pro se* and *in forma pauperis*, commenced this action, alleging that Defendant terminated her employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Docket No. 2). On November 13, 2012, Defendant submitted a letter to the Court, explaining that Plaintiff had repeatedly failed to comply with her discovery obligations and requesting an extension of time to file a dispositive motion. By Order dated November 14, 2012, the Court granted Defendant an extension of time to file this motion. (Docket No. 21). The Court directed that Defendant's motion was due by December 7, 2012, and that Plaintiff's opposition was to be filed no later than January 11, 2013. The Court further cautioned that "[i]f Plaintiff fails to file any opposition to the motion, the Court will deem her claims abandoned and will dismiss the case for failure to prosecute without further notice to the parties." (*Id.*). On December 7, 2012, Defendant filed a Motion to Strike Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 37(b) and 37(d). (Docket No. 22). That Motion was served on Plaintiff on December 7, 2012. (Docket No. 28). To date, Plaintiff has not filed any opposition to that Motion and the Court has

otherwise received no communication from Plaintiff.  Accordingly, it is hereby ORDERED that the case is dismissed for failure to prosecute.

Defendant also seeks reimbursement of the costs and attorney's fees it incurred in (1) bringing the Motion to Strike, and (2) appearing for Plaintiff's deposition in October 2012, at which she failed to appear.  (Docket No. 22).  Defendant also states that Plaintiff has offered no explanation for her repeated failures to fulfill her discovery obligations and comply with Magistrate Judge Dolinger's Orders regarding discovery, despite multiple warnings that failure to comply with these Orders could lead to dismissal of her case.  (*See* Mellk Aff. ¶¶ 12-13, 18).

Rule 37 of the Federal Rules of Civil Procedure addresses the consequences of a party's failure to comply with court orders and fulfill its discovery obligations.  *See Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106 (2d Cir. 2002).  Rule 37(b)(2)(C) provides that, if a party fails to obey a court order to provide or permit discovery, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, *unless the failure was substantially justified or other circumstances make an award of expenses unjust*."  Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).  A litigant's *pro se* status does not relieve her of her discovery obligations, *see Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 5 (2d Cir. 1997) (holding that while *pro se* litigants are entitled to some leeway in complying with the Federal Rules of Civil Procedure, such tolerance does not extend to unexcused failures to comply with routine discovery requests); *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990) ("[A]ll litigants, including *pro ses*, have an obligation to comply with court orders.") (italics added and internal quotation marks and citation omitted); nor, generally, is poverty a bar to the imposition of sanctions for willful misconduct, *see Odom v. Sielaff*, No. 90 Civ. 7659 (PKL), 1992 WL 2533, at *2 (S.D.N.Y. Jan. 2, 1992).

Nonetheless, considering Plaintiff's *pro se* and *in forma pauperis* status, monetary sanctions are not appropriate here. *See, e.g.*, *Griffith v. Stewart*, No. 10 CV 6066 (BMC) (LB), 2011 WL 6780903, at *2 (E.D.N.Y. Nov. 10) (holding that because plaintiff "is proceeding *pro se* and *in forma pauperis*, this is not a case where monetary sanctions would be reasonable"), *report and recommendation adopted by* 2011 WL 6812567 (E.D.N.Y. Dec. 27, 2011); *Brown v. Wright*, No. 9:05-CV-82 (FJS) (DRH), 2007 WL 1237677, at *3 (N.D.N.Y. Apr. 27, 2007) (holding that "in light of Plaintiff's *pro se in forma pauperis* status, the Court finds that such an award [under Rule 37] would be unjust"); *Odom*, 1992 WL 2533, *2 (holding that an award of attorney's fees under Rule 37 was unjust when the *pro se in forma pauperis* plaintiff's failure to respond was due solely to his lack of legal understanding). Indeed, Defendant itself concedes that such sanctions would be "meaningless." (Mem. in Supp. of Def.'s Mot. to Strike 9). Instead, the dismissal of Plaintiff's complaint is an appropriate sanction for her repeated noncompliance with court orders and her discovery obligations. *See Quiles v. Beth Israel Med. Ctr.*, 168 F.R.D. 15, 19 (S.D.N.Y. 1996) (declining to award monetary sanctions against *pro se* plaintiff who repeatedly ignored court orders, but dismissing case as a sanction).

For the reasons stated above, Defendant's Motion to Strike (Docket No. 22), is GRANTED, its request for attorney's fees and costs is DENIED, and Plaintiff's Complaint is dismissed in its entirety.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff and to close the case.

SO ORDERED.

Dated: February 27, 2013
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

3